## Young v. The May Department Stores Co.

Before McNaugher, Ellenbogen and O'Brien, JJ.
*McGrath, McGrath & McGrath,* for plaintiff.
*V. Clarence Short,* for defendant.

O'BRIEN, J., April 19, 1951.—This is an action in trespass for personal injuries. The facts were as follows:

The wife, plaintiff, accompanied by her mother and her six-year-old son, on the evening of December 1, 1946, walked along the sidewalk on Smithfield Street to look at the Christmas displays in the show windows of Kaufmann's Department Store. Moving from Diamond Street toward Fifth Avenue, they came to the fourth window from the Diamond Street entrance. There were approximately 50 or 60 people gathered around each window, four or five deep. At the fourth window where the accident occurred, Mrs. Young, plaintiff, was standing in the front row nearest the window, her son to her left and her mother to her right. As they started to move to the next window she saw her son, then a small boy of six years, step over something, whereupon she looked down and saw a standpipe which she described as a Y-shaped plug on the sidewalk, four or five inches from the building and eight or ten inches high. As she attempted to step over this standpipe she was nudged by someone from the rear and fell, suffering serious injuries. This happened during the evening. Street lights along Smithfield Street were on, and the lights from the window illuminated the standpipe so that plaintiff could see what she was attempting to step over.

The trial court entered a compulsory nonsuit on the ground that the proximate cause of the injury was the nudge received by plaintiff, Mrs. Ruth M. Young, from a person in the crowd.

We believe the situation herein is governed by section 447 of the A. L. I. Restatement of the Law of Torts, which is as follows:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another

which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

We have also examined the testimony and viewed the photograph, an exhibit offered by plaintiff, of the standpipe in the sidewalk protruding several inches above the surface and in front of the display window which was attracting large crowds. We believe it is for the jury to determine whether defendant created a negligent condition under the circumstances.

The nonsuit will be removed and a new trial granted.